Mott *v.* Burnett.

JACOB H. MOTT *v.* DURANT BURNETT and LEWIS W. LEAMY. (*a*)

Upon notice of a motion to strike out a specified portion of an answer, "and that the plaintiff have such other or further relief as to the court shall seem meet," the plaintiff is not entitled to an order striking out the entire answer.

An answer by one of two parties sued as makers of a note, alleging that he has not sufficient knowledge or information whereon to found a belief whether the defendants, or either of them, made the note, is palpably false on its face. (*b*.)

A defendant may set up as many defences as he may have, notwithstanding it appear that if one of them be true the others are immaterial and unnecessary.

A debt due to one of two joint makers of a note, cannot be set off against the note; and, therefore, an allegation that the note was transferred to avoid such a set off, and that it was held by the payee until after it became due, is irrelevant, and will be stricken out on motion.

An allegation that one of the joint makers has been discharged by the holder, is not irrelevant.

THE plaintiff brought his action as endorser, against the defendants as partners and makers of a promissory note. The defendant, Leamy, put in a several answer, denying the copartnership, alleging that he has not sufficient knowledge or information whereon to found a belief whether the defendants, or *either of them*, made the note, or whether it was ever assigned and delivered to the plaintiff; and further averring, that the note was held by the payee, Metcalf, until after it became due; and that the alleged transfer was made without consideration, for the sole purpose of prosecution in the name of a third person, to avoid the set off claimed by the defendant, Leamy, viz., a debt ·due by the payee to the defendant, Leamy, which the answer describes, amounting to $700, which debt the defendant now claims to set off against the note. The answer further alleged, that the defendant, Burnett, prior to the commencement of the

---

(*a*) See the decision of Judge DALY, in this case, given at special term, and reported in 1 Code Reports, N. S., p. 225.

(*b*) See *Hance* v. *Rumming, ante,* p. 48.

Mott *v.* Burnett.

suit, received an unconditional discharge from the holder of the note from all liability thereon.

·The plaintiff moved, at special term, to strike out that part of the answer which denies the transfer of the note to the plaintiff, and all that follows that denial, "as incongruous, contradictory, evasive and hypothetical, and for such other and further relief," &c.

After hearing argument, an order was made, striking out the whole answer, from which the defendant, Leamy, appealed to the general term.

*George F. Betts* and *Charles Donohue*, for the defendant, Leamy.

*John B. Fogerty*, for the plaintiff.

By THE COURT.   WOODRUFF, J.—I think the order appealed from was more comprehensive than was warranted by the notice of motion, or was authorized by the provisions of the Code ; and from the language of the opinion pronounced at special term, I should judge that the error arose from a hasty settlement of the order, which the opinion itself hardly sustains.

The plaintiff has moved to strike out two paragraphs of the answer only. · The order strikes out *the whole.* This is giving a latitude to the terms, "or for such other or further relief," &c., which I think is unauthorized. It not only enlarges the scope of the motion, but in effect changes its character, and leaves the defendant without answer. It not only gave the plaintiff more than he asked, but directed what the defendant was not called upon to oppose.

I agree with the opinion given below, that the power of denial used by the defendant in the second and third paragraphs of the answer is not conformable to the Code ; and I do not intend to say that the plaintiff may not, on a proper motion, be entitled to judgment, notwithstanding those denials.   And it is, moreover, plainly false on the face of the

answer, that the defendant, Leamy, does not know whether *he* signed the note. But the plaintiff did not, in his notice of motion, point out any defects in these portions of the answer, nor ask to have them struck out.

The denial of the copartnership is an unqualified denial; and if it was material to insert the allegation in the complaint, the answer is in this respect free from objection.

But some parts of the answer specified in the notice of motion were properly struck out, although I think the reasons given therefor in the notice of motion hardly warranted by any ground specified in the Code.

A defendant has a right to set up as many defences as he may have, stating each separately; (§ 150;) and the mere fact that the materiality of one of them can only appear by assuming that the other is false, is not enough to deprive the defendant of the opportunity to set up both. Thus a defendant may deny that he made the note described in the complaint, and he may also, I think, aver, that at the time of the alleged making of the note he was an *infant.* And yet if he never made the note, it is quite immaterial whether he was an infant or not.

So I think the defendant may deny the making of a note, and may also aver, that at the time of the commencement of the suit the plaintiff was indebted to him—averring proper particulars showing such indebtedness—and claim to set off the same against any demand proved against him by the plaintiff.

Any *other* construction of the Code would not only be an unwarranted restriction of the meaning of the 150th section, but would often unjustly compel a defendant, who had several just and sufficient defences, to elect between them, and take the hazard of proving on the trial the one defence selected.

But in this case the set off claimed in the answer is *no* defence. It is a claim to set off a demand, alleged to be due to one defendant, against a claim against him and another *jointly.* This was never allowed under any system of pleading. All that part of the answer which alleges that the note

was transferred by the payee for the purpose of prosecution by a third person, and to avoid the set off, and which alleges the defendant's claim to the set off, including the inconsistent and senseless and therefore irrelevant statement, that the note is and was, until after it became due, the property of Metcalf, was properly stricken out. It is wholly irrelevant.

The allegation that the alleged co-promissor in the joint promise was discharged by the *holder* of the note, in connection with the averment that Metcalf, the alleged payee, held the note until after it became due, seems to me to be good as a defence. Certainly it is not irrelevant.

The order should be modified, I think, so as to direct, peremptorily, that the allegation, "that the alleged transfer was without consideration, and for the sole purpose of prosecution in the name of a third party, and to avoid the set off hereinafter mentioned," and also the concluding allegation, in the words, "this defendant further answering alleges, that the note mentioned," &c., onward to and including the words, "seven hundred dollars," be struck out, with ten dollars costs of the motion, to be paid by the defendant, Leamy, to the plaintiff; and to that extent the order below should be affirmed, and in all other respects reversed.

The costs of this appeal, $10, are ordered to abide the event of the suit.

Ordered accordingly.